[No. 5164.]
[No. 2765 C. A.]

## ANDREWS V. KELLOGG, TRUSTEE OF THE ESTATE OF KNAPP.

1. **Bankruptcy—Preference—Knowledge of Creditor—Question of Fact—Appellate Practice.**

In an action by a trustee in bankruptcy to recover from the bankrupt's mortgagee on the ground of the latter having been given a preference, the question of whether the mortgagee, at the time he accepted the mortgage, had reasonable cause to believe that thereby a preference was intended, is one of fact to be determined by the jury, or by the trial court sitting as a jury, and, if the evidence is legally sufficient to uphold the finding, it cannot be disturbed on appeal.—P. 37.

2. **Bankruptcy—Transfers Prohibited.**

The national bankrupt law does not prohibit all transfers of property by an insolvent debtor, but only those which are in fraud of such act.—P. 38.

3. **Same—Setting Aside—Preferences—Proof—Sufficiency.**

While the trustee of a bankrupt, in order to avoid a transfer on the ground of a preference, is not required to show that the transferee had actual knowledge that a preference was intended by the transfer, or that the transferrer was insolvent, yet it must be shown that the transferee was in possession of some fact or facts which would lead a reasonably prudent man to inquire further, and that the result of such inquiry would have disclosed the transferrer's insolvency; but mere proof that an alleged preferred creditor had knowledge at the time of the transfer that the transferrer was not able to pay the transferee's debt is insufficient of itself to charge the latter with knowledge of the former's insolvency.—P. 38.

4. **Same—Evidence Reviewed.**

In an action by the trustee of a bankrupt to recover from the bankrupt's mortgagee on the ground of the latter having been given a preference, evidence reviewed and held to sustain a finding that the mortgagee had reasonable cause to believe that a preference was intended at the time the conveyance was made.—P. 39.

5. **Bankruptcy—Words and Phrases—"Transfer"—Payment of Money—Statutory Construction.**

The term "transfer," as used in the national bankruptcy act, 30 Stats. L. 562, providing that a person shall be deemed to have

given a preference if, being insolvent, he has made a transfer of any of his property, the effect of which will be to enable one of his creditors to obtain a greater percentage of his debt than others of the same class, includes a payment of money.—P. 40.

6. **Bankruptcy—Mortgaged Property Converted into Money— Right of Trustee to Recover.**

A person, knowing that he was insolvent, mortgaged his stock in trade to defendant to secure in part an antecedent debt, and thereby made him a preferred creditor; and the latter, after receiving the mortgage, allowed the property to be sold, and accepted the amount of his indebtedness in money derived therefrom. Held, that the trustee in bankruptcy was entitled to recover from defendant the value of the property thus converted into money.—P. 40.

*Appeal from the District Court of Fremont County. Hon. M. S. Bailey, Judge.*

Action by A. L. Kellogg, as trustee of the estate of Daniel Knapp, bankrupt, against H. S. Andrews. From a judgment for plaintiff, defendant appeals.
*Affirmed.*

Mr. JAMES T. LOCKE, for appellant.

Messrs. MAUPIN, McLAIN & WILKES and Mr. ALFRED W. ARRINGTON, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action by a trustee in bankruptcy to recover of the bankrupt's mortgagee. The complaint contains two causes of action. The first is based upon subdivision "a" and "b" of section 60 of the National Bankruptcy Act, 30 Statutes L. 562. Subdivision "a" declares that a person shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property, and the effect of the enforcement thereof will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of

the same class. Subdivision "b" is that if such preference has been given within four months before the filing of a petition, and the person receiving it shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee.

The second cause of action is grounded upon subdivision "e" of section 67, which we shall not consider, since we think the trial court's finding in plaintiff's favor must be upheld under the first cause of action.

There is no substantial conflict as to the facts. Knapp, a debtor, gave to Andrews, a creditor, a chattel mortgage on a stock of goods. Knapp was then insolvent and knew it, and intended thereby to give Andrews a preference. Its effect was necessarily to enable Andrews to obtain a greater percentage of his debt than other creditors of the same class, and the mortgage was made within four months before filing the petition in bankruptcy under which Knapp was adjudged a bankrupt. The only remaining inquiry, therefore, is whether Andrews at the time had reasonable cause to believe that thereby a preference was intended. This is a question of fact to be determined by the jury, or the trial court sitting as a jury, and if the evidence is legally sufficient to uphold the finding, it cannot be disturbed.

Knapp was a retail merchant in Florence, and the evidence tends to show that all of his visible property consisted of this stock of goods. From time to time he had borrowed sums of money from, and at the time this mortgage was given he was indebted to, Andrews, which debt was past due and evidenced by four promissory notes amounting to about $600. He was unable to pay the same. Andrews was not pressing for payment, and did not ask to be secured. He knew, however, that Knapp

was unable to pay the debt, and that his business was falling off. Upon a suggestion by Andrews to Knapp that the giving of a mortgage which permitted Knapp to remain in possession and required him to sell for cash and apply the proceeds to the payment of his debt might enable him to continue in business without extending credit, Knapp gave a new note, taking up the four earlier ones, for $600 —this sum representing the amount of the four canceled notes and about $16 in money then advanced— and gave as security therefor a chattel mortgage upon his entire stock of goods which contained the terms mentioned. At the time Andrews says he did not know, and made no inquiry to ascertain, if Knapp was indebted to any other persons, and all that he says he did to ascertain his debtor's financial condition was to examine the records to see if there was any encumbrance upon the property and to record his mortgage.

We are inclined to the view that Andrews did not actually know of Knapp's insolvency, and that he believed it was lawful, as under the laws of this state it would be, to take security for a past debt. The national bankrupt law does not prohibit all transfers of property by an insolvent debtor. It is only those which are in fraud of that act that are prohibited. Before a trustee of a bankrupt can avoid a transfer such as we are considering, it is necessary to show something more than a mere guess or suspicion on the part of the transferee of the transferrer's insolvency. On the other hand, it is not essential to show that the transferee had actual knowledge that by the transfer a preference was intended, or, what is the same thing, that the transferrer was insolvent. The authorities declare, what we believe to be the correct rule, that if the transferee is in possession of some fact or facts which

would lead a reasonably prudent man to inquire further, and as the result of such inquiry there would be disclosed to him the debtor's insolvency, then the transferee has in law reasonable ground to believe that a preference was intended by the transfer. Andrews knew, of course, that Knapp was not able to pay his debt. This, of itself, however, is not sufficient to defeat the mortgage. But, in addition to this, the mortgagee knew that the business which the mortgagor was conducting was not satisfactory, but was declining. The debt which the mortgage secured was a debt that was past due, and it was not given for a present fair consideration. Notwithstanding some evidence by Andrews that he supposed the mortgagor had other property, there is other evidence supporting the finding of the trial judge that the transfer included all of his visible tangible property—his entire stock in trade. Such a transaction was out of the ordinary and usual course of business of the mortgagor. Certainly, all of these facts together were sufficient to put the mortgagee upon inquiry, and this would necessarily have disclosed to him that the mortgagor at the time was insolvent, that the value of all his property was much less than the amount of his debts.

Though we find no evidence of fraud in fact on Andrews' part, we are constrained to hold the evidence legally sufficient to sustain the finding that he had reasonable cause to believe that a preference was intended. The other elements, which must be shown to avoid the mortgage, being present, it follows that plaintiff is entitled to recover the value of the property which Andrews received by the transfer and applied on his debt.—Loveland on Bankruptcy, § 197, and cases cited; Brandenburg on Bankruptcy 35, 329, 396; Bump on Fraudulent Conveyances (4th ed.) § 47, 63; 1 Fed. Stats. Ann., Title Bankruptcy,

525, *et seq.; In re Eggert,* 102 Fed. 735; *In re Knopf,* 17 Am. B. Rep. 48; *In re Hill,* 140 Fed. Rep. 984; *In re Jones,* 118 Fed. Rep. 673; *Walbrun v. Babbitt,* 16 Wall. 577; *Crittenden v. Barton,* 5 Am. B. Rep. 775.

The defendant, however, makes the additional point that "transfers of property," as used in this act, do not include payments of money; and since, as the evidence discloses, the $600 for which judgment was rendered against him was received by him from the bankrupt in money, it does not come within the inhibition of the act. There are two sufficient answers to this contention. The supreme court of the United States in *Pirie v. Chicago T. & T. Co.,* 182 U. S. 438, says that, as used in the act, "a transfer" means and includes the payment of money. Moreover, while it is true that the defendant did not foreclose the mortgage, or take possession of the goods, yet after the mortgage was executed, he consented that the property might be sold, and the $600 in money which the mortgagor paid him was part of the proceeds of this sale of the mortgaged property which the mortgagor made with the mortgagee's consent. In such a case, the trustee can recover the value of the property thus converted into money.

The judgment is affirmed.              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.